

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 10, 1969

Hon. Enrique H. Pena
County Attorney
El Paso County
Room 201 City-County Bldg.
El Paso, Texas  79901

Dear Mr. Pena:

Opinion No. M-486

Re: Responsibility for distribution
of voting machines to precincts
within a county in elections
held at county expense, and
related question.

You have requested an opinion of this office of the following questions:

1."What officer, board or authority
is responsible for the distribution of
voting machines to different precincts
within the county in elections held at
the expense of the county?

2."What officer, board or authority
is the primary authority in determining
how many voting machines are to be in
each election precinct in elections held
at the expense of the county?"

Your questions are answered in the provision of Articles 7.14 and 7.07 of the Texas Election Code.

Section 3 of Article 7.14 Texas Election Code reads in part, as follows:

"The Commissioners Court of any county
in the State may adopt for use in elections
in at least three of the larger election

- 2316 -

precincts in voting strength in the county, any kind of voting machine approved by the Secretary of State, and may adopt such voting machine at any time for use in such additional election precincts in the county as it may deem advisable. The court at any time may rescind or modify its previous order or orders adopting voting machines, and may discontinue use of voting machines altogether, but use of voting machines shall be retained in at least three of the larger election precincts if retained for use in any part of the county.

"Voting machines shall be used at the biennial general elections for state and county offices in all precincts in which they have been adopted by the commissioners court. In all other elections, general, special, or primary, the authority holding the election shall determine within its discretion whether the voting in such precincts for the particular election shall be by use of voting machines or paper ballots, and may provide for use of either voting machines or paper ballots in any or all of the precincts for which voting machines have been adopted. The determination shall be made by the commissioners court in elections held at the expense of the county,...." (Emphasis added).

Section 5 of Article 7.14 reads as follows:

"The Commissioners Court of a county which had adopted voting machines for that county or any portion thereof, shall as soon as practicable, and in no case later than six months after adoption thereof, provide for each election precinct designated one or more approved voting machines in completed working order, and shall thereafter preserve and keep them in repair." (Emphasis added).

Both of your questions are answered in the provisions of Articles 7.14 and 7.07 of the Texas Election Code which govern

the use of voting machines in elections in Texas.

Section 3 of Article 7.14 clearly sets out that it is the duty of the Commissioners Court to adopt the necessary orders providing for the use of voting machines in the general election provided for in section 2.01 of the Election Code and also for all other elections held at county expense. It requires the use of voting machines in at least three of the largest election precincts in the county, but the Commissioners Court may, at any time, rescind or modify its previous orders adopting voting machines, or discontinue the use of voting machines altogether. In accord, Attorney General Opinion Numbers WW-55 (1957) and WW-1311 (1962).

The Commissioners Court is specifically given the duty of determining whether the voting shall be by use of voting machines or paper ballots or both in those precincts for which the Commissioners Court has authorized the use of voting machines. This office expressed the conclusion in Attorney General Opinion Number C-117 (1963) that Section 5 of Article 7.14 requires the Commissioners Court to determine the number of voting machines required for each election precinct authorized to use voting machines and to provide the number of voting machines required for the efficient and orderly conduct of the general election in those precincts designated for their use.

Article 7.07, Texas Election Code reads, in part, as follows:

"In general and special elections for election of officers who are regularly elected at the general election provided for in Section 9 (Art. 2.01) of this code, the county judge, county clerk, sheriff, and county chairman of each political party which is required to nominate candidates by primary election shall constitute a board, a majority of whom shall act to provide the supplies necessary to hold and conduct the election. In all other elections held by the county, the board shall be composed of the county judge, county clerk and sheriff. As used herein, the word 'supplies' means all supplies and equipment needed for the election, including, without limitation, ballot boxes, voting booths, guard rails, voting machines, and other voting

equipment...that delivery of voting machines shall
be made in accordance with the provisions of
Section 79 (Art. 7.14) of this code..." (Emphasis added).


Section 10 of Article 7.14, Texas Election Code, reads,
in part, as follows:

"It shall be the duty of the appropriate
officer of the authority holding the election
(the county clerk in elections held at the expense
of the county....to cause the machines to be placed
in proper order for voting...

"It shall be the duty of the sheriff in
an election held at the expense of the county,...
to have a voting machine or machines delivered to
each of the polling places where voting machines
are to be used, at least one hour before the time
set for the opening of the polls in such voting
precinct..."

The duties of the County election board are set out
above in Article 7.07 of the Election Code. The legislature
amended Article 7.07 in 1967 to set out specifically that
election supplies included voting machines, but they were to be
delivered in accordance with the provisions of Article 7.14
of the Election Code, thereby making it clear that the Election
Board should provide for the distribution of the voting machines
that the commissioners court had designated for use at each
polling place.

Section 10 of Article 7.14 requires the County Clerk
to make the voting machines ready to use in county elections, the
Sheriff to deliver and pick up the voting machines, and the
commissioners court to pay all necessary expenses. The use of paper
ballots in conjunction with voting machines can be authorized
and provided for by the election board when the commissioners court
has so authorized in their order.

The Commissioners Court is responsible for determining
and providing the number of voting machines required for those
voting precincts authorized to use voting machines; and it is
the duty of the election board to deliver those voting machines
to the designated election precincts in the manner provided by
statute.

## S U M M A R Y

In all elections held at county expense, the Commissioners Court has the duty to determine the number of voting machines to be used in each election precinct, and the election board has the duty to provide that the machines are available at each authorized election precinct as authorized by the court. It is the duty of the Sheriff to have the voting machines delivered to each polling place at least one hour before the time set for the opening of the polls.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Jack Sparks
Terry Goodman
Ronnie Luna
Sam Jones

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant